1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                                 NORTHERN DISTRICT OF CALIFORNIA

10

11   EDWARD V. RAY III,                            No. C 12-1280 YGR (PR)

12            Plaintiff,                           **ORDER DISMISSING COMPLAINT
                                                   WITH LEAVE TO AMEND**
13        v.

14   CHRISTOPHER SAUNDERS, et al.,

15            Defendants.

16   _____/

17

18                                        **INTRODUCTION**

19        This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state

20   prisoner.  The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

21                                         **DISCUSSION**

22   **A.    Standard of Review**

23        A federal court must conduct a preliminary screening in any case in which a prisoner

24   seeks redress from a governmental entity or officer or employee of a governmental entity.

25   *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and

26   dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

27   be granted or seek monetary relief from a defendant who is immune from such relief.  *See id*.

28

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   § 1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica*

2   *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

3         A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim

4   to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)

5   (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial

6   plausibility when the plaintiff pleads factual content that allows the court to draw the

7   reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (quoting

8   *Twombly*, 550 U.S. at 556).   Furthermore, a court "is not required to accept legal conclusions

9   cast in the form of factual allegations if those conclusions cannot reasonably be drawn from

10  the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

11  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

12  (1) that a right secured by the Constitution or laws of the United States was violated, and

13  (2) that the alleged violation was committed by a person acting under the color of state law.

14  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

15  **B.    Legal Claims**

16        Plaintiff alleges that on August 27, 2006 Oakland Police Officer Christopher Saunders

17  (1) used excessive force against him during his arrest; (2) was deliberately indifferent to his

18  serious medical needs; and (3) made false statements regarding plaintiff.  He further alleges

19  that (4) the Oakland Police Department, and (5) the City of Oakland are liable for failure to

20  train and supervise their employee.  Liberally construed, claim 1 for excessive force is

21  cognizable under § 1983.

22        The remaining claims, however, do not contain sufficient factual matter to state claims

23  for relief.  As to claim 2, plaintiff alleges that Saunders was deliberately indifferent by

24  refusing to allow emergency medical staff to treat him at the scene of the arrest, though he

25  does admit that Saunders did so because he was taking plaintiff directly to the hospital.

26  These factual allegations do not state a claim for deliberate indifference under the Eighth

27  Amendment.  A prison official is deliberately indifferent if he knows that a prisoner faces a

28

**United States District Court**
For the Northern District of California

1    substantial risk of serious harm and disregards that risk by failing to take reasonable steps to

2    abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (equating standard with that of

3    criminal recklessness).  The prison official must not only "be aware of facts from which the

4    inference could be drawn that a substantial risk of serious harm exists," but "must also draw

5    the inference." *Id.*  Consequently, in order for deliberate indifference to be established, there

6    must exist both a purposeful act or failure to act on the part of the defendant and harm

7    resulting therefrom. *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992).  In order

8    to prevail on a claim of deliberate indifference to medical needs, a plaintiff must establish

9    that the course of treatment the doctors chose was "medically unacceptable under the

10   circumstances" and that they embarked on this course in "conscious disregard of an

11   excessive risk to plaintiff's health." *See Toguchi v. Chung*, 391 F.3d 1051, 1058–60 (9th Cir.

12   2004).  A claim of mere negligence related to medical problems, or a difference of opinion

13   between a prisoner patient and a medical doctor, is not enough to make out a violation of the

14   Eighth Amendment. *Id.*; *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

15   Plaintiff's allegations do not meet these requirements.  Accordingly, claim 2 is DISMISSED

16   with leave to amend.

17        Claim 3 is also DISMISSED with leave to amend.  Plaintiff fails to show with any

18   specificity how Saunders's allegedly false statements violated his constitutional rights.

19        Plaintiff's supervisory claims likewise fail to state claims for relief.  Plaintiff must be

20   mindful about naming persons who occupy supervisory positions.  There is no respondeat

21   superior liability under § 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  It is not

22   enough that the supervisor merely has a supervisory relationship over the defendants; the

23   plaintiff must show that the supervisor "participated in or directed the violations, or knew of

24   the violations and failed to act to prevent them." *Id.*  Furthermore, supervisor defendants are

25   entitled to qualified immunity where the allegations against them are simply "bald" or

26   "conclusory" because such allegations do not "plausibly" establish the supervisors' personal

27   involvement in their subordinates' constitutional wrong. *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

28

United States District Court
For the Northern District of California

1    1948–52 (2009) (noting no vicarious liability under section 1983 or *Bivens* actions).  So,

2    plaintiff's conclusory allegations about failure to train are insufficient.  He must allege "a

3    specific policy" or "a specific event" instigated by them that led to the constitutional

4    violations.  *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).  He must also name

5    specific persons if possible.  Accordingly, claims 4 and 5 are DISMISSED with leave to

6    amend.

7           Accordingly, the complaint is DISMISSED with leave to amend.  **Plaintiff shall file**

8    **an amended complaint addressing the deficiencies detailed above within 30 days from**

9    **the date this order is filed.**  The first amended complaint must include the caption and civil

10   case number used in this order (12-1280 YGR (PR)) and the words FIRST AMENDED

11   COMPLAINT on the first page.  Because an amended complaint completely replaces the

12   previous complaints, plaintiff must include in his first amended complaint *all* the claims he

13   wishes to present and *all* of the defendants he wishes to sue, including the excessive force

14   claim found cognizable.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Any

15   claims not raised in the amended complaint will be deemed waived.  Plaintiff may *not*

16   incorporate material from the prior complaint by reference.  Failure to file an amended

17   complaint in accordance with this order will result in dismissal of this action without further

18   notice to plaintiff.

19          It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

20   informed of any change of address by filing a separate paper with the clerk headed "Notice

21   of Change of Address."  He must comply with the Court's orders in a timely fashion or ask

22   for an extension of time to do so.  Failure to comply may result in the dismissal of this action

23   pursuant to Federal Rule of Civil Procedure 41(b).

24          **IT IS SO ORDERED**.

25   DATED:      October 26, 2012

     **YVONNE GONZALEZ ROGERS**
26   **UNITED STATES DISTRICT COURT JUDGE**

27

28