IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARD VINCENT RAY, III,

    Plaintiff,

vs.

CHRISTOPHER SAUNDERS, et al.,

    Defendants.

No. C 12-1280 YGR (PR)

**ORDER OF DISMISSAL**

    Plaintiff filed the instant *pro se* civil rights complaint under 42 U.S.C. § 1983.

    In the instant case, it has been three months since Plaintiff has communicated with the Court. Plaintiff filed a notice of release from state prison on October 11, 2013, in which he claims that he would be providing the Court with a new address. However, he has neither provided his new address nor communicated with the Court since that date. Accordingly, in an Order dated December 13, 2013, the Court determined that it was in the interests of justice and judicial efficiency for the Court to establish Plaintiff's current address and whether he intended to continue to prosecute this action. The Court informed Plaintiff that if he failed to do so within twenty-eight days, this action would be dismissed without prejudice for failure to prosecute.

    More than twenty-eight days have passed, and Plaintiff has filed no response to the Court's Order. A district court may *sua sponte* dismiss an action for failure to prosecute or to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991). The court should consider five factors before dismissing an action under Rule 41(b): (1) the public interest in the expeditious resolution of the litigation: (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of actions on their merits. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 130

(9th Cir. 1987).[1] The first three factors, above, weigh in favor of dismissal in light of the amount of time that has passed -- three months -- without Plaintiff filing anything in this matter, including his not responding to the Court's December 13, 2013 Order. The fourth factor also weighs in favor of dismissal because less drastic sanctions would have little impact in light of Plaintiff's apparent lack of interest in this case. Although the fifth factor appears to weigh against dismissal, dismissal is appropriate in light of the other four factors. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) (finding district court did not abuse its discretion in dismissing petition with prejudice where three of the five factors weighed in favor of dismissal).

In light of the foregoing, this action is hereby DISMISSED for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of the Court shall enter judgment, terminate any pending motions, and close the file.

IT IS SO ORDERED.

DATED: 1/24/14

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[1] The court should also afford the litigant prior notice of its intention to dismiss, id. at 133, as this Court has done.